No. 419

No. 18807—Carl J. Westhoven et al. v. The Public Utilities Commission of Ohio. Error to the Public Utilities Commission.

**1192. TRANSPORTATION—Certificate of Public Convenience, not transferable, and confers no right not expressed therein.**

ROBINSON, J.

The provisions of an ordinance making the non-payment of an excise tax levied in pursuance to such ordinance a misdemeanor and upon conviction imposing a fine of not less than five nor more than one hundred dollars, is not in violation of Section 15 of Article I of the Constitution of Ohio. "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in causes of fraud."

Judgment affirmed.

Marshall, C. J., Matthias, Day and Allen, JJ., concur.

---

# Weekly Abstract of PENDING CASES

---

### No. 420
### KLOTZ v. KLOTZ

19031. Supreme Court

On motion to direct Ottawa Appeals to certify. Dock. 3-19-25, 3 Abs. 198.

**413. DIVORCE AND ALIMONY—1. Should alimony stand, when based upon real property of husband, in which he has a bare legal title?**

**2. Does refusal of wife to accept husband's offers of reconciliation amount to her desertion?**

This was an action in the Ottawa Common Pleas for divorce, Marie A. Klotz being plaintiff and William S. Klotz, defendant. The evidence showed the husband to have in his name two pieces of real estate. They were purchased before marriage, and the money with which to make the down payment was obtained from his father, upon cognovit note. The husband owed more upon these properties than when he purchased them. The undisputed evidence showed that Wm. Klotz was earning less than $100 per month. All of the real estate was in Lucas County.

Upon the trial, Mrs. Klotz was granted a divorce, the custody of minor children, and an allowance of $50 a month for the children's support, which was made a lien upon the real estate in the name of Klotz; and she was allowed $1000 alimony, payable $150 in cash, $250 in one year, $250 in two years, and $350 in three years, all made a lien upon said real estate; Mrs. Klotz was given all of the household goods, part of which belonged to her before marriage and costing about $1400, part of which belonged to him before marriage, and part of which were purchased.

Error proceedings were prosecuted by Wm. Klotz, it being claimed that the trial court had exhausted the earning capacity of the defendant in allowing alimony for the support of the children; that under 11990 GC., the alimony allowed must be proportionate to the property of Klotz; that he had only a naked legal title to the real estate and no equity in it, and therefore it was not a basis for the allowance of alimony under said statute.

That there was, therefore, no power in the court to grant the lump sum of $1000 alimony to the wife, payable in installments as aforesaid; and that the court erred in making said lump sum of alimony for the wife and the monthly installments for the support of the children a lien upon the real estate in Lucas County.

The Court of Appeals Judges for the Third District, sitting in place of those of the Sixth District, affirmed the judgment of the Court of Common Pleas upon the authority of Lape v. Lape, 99 OS 143.

A further question is involved in the case, in that the husband sought to make amends in hi sanswer for his misconduct toward his wife and sought a reconciliation. This was renewed at the opening of the trial, and at the close of the trial; Mrs. Klotz at all times spurned the offers of her husband. It is claimed that the conduct of Mrs. Klotz under the circumstances, made her technically a deserter under the rule of Cadwell v. Cadwell, 20 O. C. C. (N. S.) 483.

Attorneys—M. W. Bacombe, Toledo, for Wm. Klotz; True, Crawford & True, Port Clinton, for Marie Klotz.